UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: __00-6042 CR-ZLOCH__
18 U.S.C. § 1029(a)(2)          MAGISTRATE JUDGE
18 U.S.C. § 1029(b)(1)                SELTZER
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 2

UNITED STATES OF AMERICA,

v.

ALEXANDRE PEREIRA,
JONATHAN FREDERICKS,
a/k/a "Jonathan Onwuemelie Fredericks,"
and
HAROLD ROBINSON,

        Defendants.
_____/



FILED by _____ D.C.
FEB 17 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### INDICTMENT

The Grand Jury charges that:

#### COUNT I

1. From on or about February 22, 1999, the exact date being unknown to the Grand Jury, and continuing to at least on or about February 10, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDRE PEREIRA,
JONATHAN FREDERICKS,
a/k/a "Jonathan Onwuemelie Fredericks,"
and
HAROLD ROBINSON,**

did knowingly and intentionally combine, conspire, confederate, agree and reach a tacit



understanding with each other and with other persons unknown to the Grand Jury, to commit access device fraud, that is, to knowingly, willfully and with intent to defraud, use one or more unauthorized access devices during a one-year period, and by such conduct, to receive payment and things of value during a one-year period aggregating more than $1000.00 during that period, said use affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## PURPOSE AND OBJECT

2.  It was the purpose and object of the conspiracy for the defendants to unlawfully enrich themselves by making unauthorized transactions with credit card numbers which they had obtained by unlawful means.

## MANNER AND MEANS

The manner and means by which the defendants sought to accomplish the object of the conspiracy included the following:

3.  Defendant Jonathan FREDERICKS would establish both legitimate and fraudulent corporations and would establish, or caused to be established, corresponding merchant accounts which enabled the corporation to process credit card transactions. Defendant Jonathan FREDERICKS established, or caused to be established, the following corporations:

   A.  CREATEK COMPUTERS, INC.;

   B.  WORLD CLASS COMPUTERS, INC;

   C.  COMTEL ELECTRONICS COMPANY, INC.

4.  Defendant Jonathan FREDERICKS would obtain, or caused to be obtained, credit card processing equipment.

5. Defendant Alexandre PEREIRA would obtain Visa and Mastercard credit card account numbers of unwitting account holders.

6. Defendants Alexandre PEREIRA, Jonathan FREDERICKS and Harold ROBINSON would use the unlawfully obtained credit card numbers to make unauthorized transactions. Once the amount of the transaction was credited to the merchant account, the defendants would withdraw, or cause to be withdrawn, the funds from the merchant account.

## OVERT ACTS

In furtherance of the conspiracy and to effect its purpose, at least one of the coconspirators committed or caused to be committed at least one of the following overt acts, among others, in the Southern District of Florida, and elsewhere:

7. On or about April 16, 1999, defendant Jonathan FREDERICKS caused an application for a merchant account to be submitted to Paymentech Merchant Services, Inc. for CREATEK COMPUTERS, INC.

8. On or about June 14, 1999, defendant Jonathan FREDERICKS applied for a merchant account with Paymentech Merchant Services, Inc. for COMTEL ELECTRONICS COMPANY, INC.

9 On or about June 23, 1999, defendant Harold ROBINSON applied for and received a Broward County Occupational License for the operation of WORLD CLASS COMPUTERS, INC.

10. On or about June 28, 1999, defendant Harold ROBINSON applied for a merchant account with Paymentech Merchant Services, Inc., for WORLD CLASS COMPUTERS, INC.

11. On or about November 4, 1999, defendant Alexandre PEREIRA went to COMTEL ELECTRONICS COMPANY, INC., located at 968 S.W. 81 Avenue, North Lauderdale, Florida.

12. On or about November 4, 1999, defendant Alexandre PEREIRA, obtained a check from defendant Jonathan FREDERICKS.

13. On or about November 4, 1999, defendant Alexandre PEREIRA went to Commercial Bank, located at 7005 North University Drive, Tamarac, Florida.

14. On or about November 4, 1999, defendant Alexandre PEREIRA cashed a check from COMTEL ELECTRONICS COMPANY, INC. at Commercial Bank, located at 7005 North University Drive, Tamarac, Florida.

15. On or about February 9, 2000, defendant Alexandre PEREIRA provided defendant Jonathan FREDERICKS with Visa account numbers: 4550 0403 0056 9946; 4550 0403 0056 6843; and 4550 0403 0056 0622, which belonged to unwitting account holders.

16. On or about February 10, 2000, defendant Alexandre PEREIRA provided defendant Jonathan FREDERICKS with Visa account numbers: 4406 9301 4407 2519; 4916 7505 6530 3430; 4916 7503 8242 4138; 4916 7533 7504 8039; and 4550 0400 0000 8039; and Mastercard account numbers 5445 4600 5382 1011; and 5390 5917 5283 0344, which belonged to unwitting account holders.

All in violation of 18 U.S.C. § 1029(b)(2).

## COUNT II

17. The allegations set forth in paragraphs 3 through 16 of this Indictment are re-alleged and incorporated by reference as though fully set forth here.

18. From on or about May 31, 1999, the exact date being unknown to the Grand Jury, and continuing to at least on or about November 1, 1999, at Broward County in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDRE PEREIRA,**
**and**
**JONATHAN FREDERICKS,**
**a/k/a "Jonathan Onwuemelie Fredericks,"**

did knowingly, willfully and with intent to fraud, use one or more unauthorized access devices, that is, unauthorized Visa and Mastercard credit card account numbers, and by such conduct did obtain something of value, aggregating more than $1,000.00 during a one-year period, said use affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT III

19. The allegations set forth in paragraphs 3 through 16 of this Indictment are re-alleged and incorporated by reference as though fully set forth here.

20. From on or about July 9, 1999, the exact date being unknown to the Grand Jury, and continuing to at least on or about August 6, 1999, at Broward County in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDRE PEREIRA,**
**JONATHAN FREDERICKS,**
**a/k/a "Jonathan Onwuemelie Fredericks,"**
**and**
**HAROLD ROBINSON,**

did knowingly, willfully and with intent to fraud, use one or more unauthorized access devices, that is, unauthorized Visa and Mastercard credit card account numbers, and by such conduct did obtain something of value, aggregating more than $1,000.00 during a one-year period, said use affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNT IV

21. The allegations set forth in paragraphs 3 through 16 of this Indictment are re-alleged and incorporated by reference as though fully set forth here.

22. From on or about November 4, 1999, the exact date being unknown to the Grand Jury, and continuing to at least on or about February 10, 2000, at Broward County in the Southern District of Florida, and elsewhere, the defendant,

### ALEXANDRE PEREIRA,

did knowingly, willfully and with intent to fraud, attempt to use one or more unauthorized access devices, that is, unauthorized Visa and Mastercard credit card account numbers, and by such conduct attempted to obtain something of value, aggregating more than $1,000.00 during a one-year period, said use affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(b)(1) and 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: ALEXANDRE PEREIRA          No.:_____

Count # 1:

Conspiracy to commit Credit Card Fraud; in violation of 18 U.S.C. § 1029 (b) (2)

*Max Penalty:   5 years' imprisonment; $ 250,000 fine

Counts # 2-3:

Credit Card Fraud; in violation of 18 U.S.C. § 1029 (a) (2)

*Max Penalty:   10 years' imprisonment; $ 250,000 fine

Count # 4:

Attempted Credit Card Fraud; 18 U.S.C. § 1029 (b) (1)

*Max Penalty:   10 years' imprisonment; $ 250,000 fine

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: HAROLD ROBINSON           No.: _____

Count # 1:

Conspiracy to commit Credit Card Fraud; in violation of 18 U.S.C. § 1029 (b) (2)

\*Max Penalty:   5 years' imprisonment; $ 250,000 fine


Count # 3:

Credit Card Fraud; in violation of 18 U.S.C. § 1029 (a) (2)

\*Max Penalty:   10 years' imprisonment; $ 250,000 fine


Count # :

_____

\*Max Penalty:


Count #:

_____

\*Max Penalty:


Count # :

_____

\*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: JONATHAN FREDERICKS        No.:_____

Count # 1:

Conspiracy to commit Credit Card Fraud; in violation of 18 U.S.C. § 1029 (b) (2)

*Max Penalty:   5 years' imprisonment; $ 250,000 fine

Counts # 2-3:

Credit Card Fraud; in violation of 18 U.S.C. § 1029 (a) (2)

*Max Penalty:   10 years' imprisonment; $ 250,000 fine

Count # :

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEXANDRE PEREIRA, et al.

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**
New Defendant(s)          Yes ___    No ___
Number of New Defendants      ___
Total number of counts        ___

**Court Division:** (Select One)

___ Miami    ___ Key West
_X_ FTL      ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) Yes, for Alexandre Pereira
   List language and/or dialect    Spanish

4. This case will take _5-6_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days        ___         Petty      ___
   II   6 to 10 days       _X_         Minor      ___
   III  11 to 20 days      ___         Misdem.    ___
   IV   21 to 60 days      ___         Felony     _X_
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?(Yes or No) _Yes_
   If yes:
   Magistrate Case No.   00-4030-SNOW
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _Pereira is in custody as of 2/11/00_
   Defendant(s) in state custody as of _None_
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? ___ Yes ___ No

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 88171

*Penalty Sheet(s) attached                    REV.4/7/99