UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6042-CR-ZLOCH

UNITED STATES OF AMERICA,

vs.

ALEXANDRE PEREIRA,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on February 22, 2000, a hearing was held to determine whether the defendant, **Alexandre Pereira**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant, **Alexandre Pereira**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.    The defendant is charged with conspiracy to commit credit card fraud, credit card fraud, and attempted credit card fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(1), and (b)(2). Therefore, the defendant is charged with neither a crime of violence nor a crime involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The Court received credible evidence that the defendant committed the offenses with which he has been charged. The Government proffered that **Alexandre Pereira** was a member of an international credit card fraud ring. **Pereira**'s primary role was to obtain credit card numbers in South America and bring them to the United States. In the United States, **Pereira**'s co-conspirators established shell corporations through which to open merchant accounts. They then utilized these merchant accounts to process fraudulent credit card transactions with the account numbers provided by **Pereira**. The funds from these fraudulent transactions were credited to the shell corporations' bank accounts, and they were soon thereafter withdrawn.

The Government possesses evidence that at least three companies were used to further the fraudulent scheme and that the value of the fraud is at least $75,000. Based upon **Pereira**'s post-arrest statements that he was involved with other companies and individuals and that his share of the proceeds was $200,000, the Government believes that the fraud may be as high as $1,000,000. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a citizen of Portugal, and he has lived in Portugal, El Salvador, and Brazil. At the time of his arrest, **Pereira** had been in the United States for only one week, living in a small apartment with only a bed and a computer.

According to the Government, **Pereira** has entered the United States on fifteen different occasions since 1995, arriving here mostly from locations throughout South America. The defendant states that he is single and has five adult children residing

throughout the world, including one son in Miami. He also claims to have a common-law wife in Miami, although she did not appear at the hearing. The defendant further reported that his parents are deceased and that he has a sister residing in Portugal and a brother in Africa.

The defendant told Pretrial Services that he has been self-employed as a journalist for the past twenty-five years and that his monthly income varies. He reports assets of only modest value.

Given the defendant's lack of residential and legitimate financial ties to the United States, coupled with his foreign citizenship, residency, and travel, the undersigned does not believe that he would be likely to appear if released on bond prior to trial.   18 U.S.C. § 3142(g)(3)(A) and (B)

4. The Government did not argue, and the undersigned declines to find, that the defendant constitutes a danger to the community. 18 U.S.C. § 3142 (g)(4).

5. The Court specifically finds that there is no condition or combination of conditions of release which reasonably will ensure the defendant's appearance as required. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a risk of flight if released on bond prior to trial. The Court hereby directs:

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private

consultation with counsel; and

3.   That, on order of a court of the United States or on request of an attorney for the Government. the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 23rd day of February 2000.

```
_____
BARRY S. SELTZER
United States Magistrate Judge
```

Copies to:

Honorable William J. Zloch
United States District Judge

Sam Rabin, Esquire
799 Brickell Plaza, Suite 606
Miami, Florida 33131-2808
Attorney for Defendant

Bertha Mitrani, Esquire
United States Attorney's Office

United States Marshal

United States Pretrial Services

4