UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6042-CR-ZLOCH (s)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| ALEXANDRE PEREIRA, | : |
| JONATHAN FREDERICKS, | : |
| a/k/a "Jonathan Onwuemelie Fredericks," | : |
| HAROLD ROBINSON, | : |
| BELINDA MCNAIR, | : |
| and | : |
| CRYSTAL MCGEE, | : |
| a/k/a/ "Krystal McGee," | : |
| | : |
| Defendants. | : |



## UNITED STATES' THIRD SUPPLEMENTAL RESPONSE

## TO THE STANDING DISCOVERY ORDER

The United States hereby files this third supplemental response to the Standing Discovery Order, specifically addressing the additional defendants and charges raised in the superceding indictment This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  A copy of a written statement made by defendant BELINDA MCNAIR has been provided to defense counsel together with this discovery response.

2.  The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: after being advised of her rights against self incrimination, defendant BELINDA MCNAIR advised agents of the United States Secret Service that she opened bank accounts for Crystal. She further stated that she knew that what they were doing was wrong. She stated that she tries to keep Crystal away from "that stuff."



3. No defendant testified before the Grand Jury.

4. The NCIC record of defendant BELINDA MCNAIR has been provided to defense counsel together with this discovery response. The NCIC record of defendant CRYSTAL MCGEE has previously been provided to defense counsel in conjunction with another case.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for May 12, 2000 at 10 a.m. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

   Books, papers, documents, and photographs which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, *etc.*, that the government may introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point in time, the United States is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government

2

witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). Defendant Jonathan FREDERICKS has been advised that his cooperation will be brought to the attention of the Court at the time of sentencing. In addition, agents of the United States Secret Service have appeared on behalf of Defendant Jonathan FREDERICKS at two state court hearings concerning Defendant Jonathan FREDERICKS' alleged violation of probation. The agents did not testify at either hearing. However, the state prosecutor advised the state court judge of FREDERICKS' cooperation with the government in the investigation of this matter.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time: Continuing
    Date: Continuing
    Place: Continuing

The attachments to this response are numbered pages __1__ - __224__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

    Respectfully submitted,

    THOMAS E. SCOTT
    UNITED STATES ATTORNEY

By: _____

    Bertha R. Mitrani
    Assistant United States Attorney
    Florida Bar No. 88171
    500 East Broward Boulevard
    Fort Lauderdale, Florida 33394
    Tel: 954/ 356-7255
    Fax: 954/356-7336

cc:     Special Agent Christopher Caruso
    USSS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by

Federal Express mail this _5_ day of _May_____, 2000 to

Ana Maria Jhones, Esq.
Counsel for Defendant Belinda McNair
330 Biscayne Boulevard
Ste 310
Miami, Florida 33132

Samuel Rabin, Esq.
Counsel for Defendant Alexandre Pereira
Samuel Rabin Jr. P.A.
799 Brickell Plaza, Suite 606
Miami, Florida 33131

Richard Moore, Esq.
Counsel for Defendant Jonathan Fredericks
One Northeast Second Avenue
Ste 200, The White Building
Miami, Florida 33132

and on ___6th___ day of May, 2000, was placed in the Federal Public Defender's mailbox in the courthouse for

Samuel J. Smargon, Esquire
Assistant Federal Public Defender
Counsel for Crystal McGee
Office of The Public Defender
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida

Bertha R. Mitrani
Assistant United States Attorney

5